### ASTRUP CO v REHBURG

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12,047. Decided March 7, 1932

John H. McNeal, Cleveland, for plaintiff in error.
Miles E. Evans, Cleveland, for defendant in error.

VICKERY, J.

The majority of the court has concluded to reverse this case on two grounds and, after stating those grounds, the writer of this opinion will give the reasons therefor.

The first ground is that the court erred in charging and in submitting to the jury an ordinance of the City of Cleveland though set out in the petition when the same had not been introduced in evidence, the Court of Common Pleas not being able to take judicial notice of an ordinance of the said City of Cleveland, but able only to take cognizance of it after it is submitted in evidence and admitted to the jury, for reasons more in detail hereafter.

As for the second ground, the majority of the court thinks that the verdict rendered in this case was so large and out of all proportion to the injuries sustained in the accident as shown by the evidence, that it was excessive to such an extent that it showed passion and prejudice on the part of the jury, and that will be elucidated more fully because the excessiveness may have arisen from the manner in which the case was submitted.

A petition was filed which set up certain grounds of negligence of the defendant below, The Astrup Company, and set out in detail an ordinance of the City of Cleveland. An answer was filed which raised the issues. After the jury was impaneled and sworn the plantiff's counsel in the presence of the jury in open court made the following statement:

"If the Court please, I understood that the defense is willing to stipulate that the ordinance as pleaded in the second amended petition was at the time in full force and effect, the ordinance of the City of Cleveland. Is that correct, Mr. McNeal?

"Mr. McNeal: That's right. It was in force and effect, but we object to the competency and materiality of it in this case. We claim the State law controls rather than the ordinance."

It is claimed by the defendant, plaintiff in error here, that this ordinance was never introduced in evidence and the record bears him out in this statement. It is claimed by the other side that the admission that there was such an ordinance as was set up in the petition obviated the necessity of introducing the ordinance in evidence. It will be noticed that this admission by the attorney for the defendant below was only

to the effect that there was such an ordinance, but he denied its competency or relevancy. Now the mere fact that an ordinance existed would not under our practice, inasmuch as the Court of Common Pleas could not take judicial notice of such an ordinance, bring the ordinance before the jury, nor would the court be warranted in commenting upon that ordinance or in its charge to the jury. The admission only went to the fact that there was such an ordinance and then it was incumbent upon the attorney for the plaintiff to introduce it as evidence; that is, to read the ordinance to the jury and thus get it before the jury, and when that was proffered a proper objection could be made to the competency and relevancy of that ordinance, and the judgment of the court could have been had upon both those questions and an exception could have been taken, and then the ordinance would be properly before the jury. The only purpose of the admission was to obviate the necessity of bringing in a certified copy or the Book of Ordinances and of having the Clerk or the custodian of the ordinances swear to their authenticity.

After the admission that there was such an ordinance, and it was correctly set up in the petition,—the attorney for the plaintiff would have been justified in reading that ordinance as set up in the petition to the jury, but the record shows that this was not done in any way, shape or manner, and so when the court came to charge the jury without this ordinance being in evidence before the jury, it was error to make the following charge:

"The plaintiff claims that * * * defendant so carelessly and negligently operated its Ford roadster as to cause it to collide with plaintiff's Chevrolet coach, in direct violation of an ordinance of the City known as Ordinance 2407, and Ordinance 2407 reads as follows:

'General. Vehicles shall be driven in a careful manner, and with due regard for the safety and rights of pedestrians, and drivers and occupants of all other vehicles, and so as not to endanger the life, limb, or property of any person while in the lawful use of the street.' This ordinance simply alleges a definition of ordinary care. It is a rule in Ohio that where a person violates an ordinance of the City, or a statute of the State, made for the protection of the public, and such violation is the proximate cause of injury, then liability exists as a matter of law."

This was calling to the attention of the jury the unlawfulness of the action of the defendant below in driving its automobile.

The counsel for the plaintiff not being satisfied with this, on page 115 of the record after the court had plainly and distinctly charged as set out above, called the court's attention to it again in these words:

"Mr. Evans: If the Court please, I do not know whether the Court covered it; I missed it if you did. I had in mind the request to charge as to the violation of a City Ordinance.

"The Court: I charged that if they found at the time that this ordinance was being violated, being an ordinance for the protection of the public, and if such violation was the proximate cause of injury, then there was liability as a matter of law. I charged that."

The effect of this was to accentuate and draw the attention of the jury again to the unlawful conduct of the plaintiff in error in the violation of such ordinance when, as already stated, the ordinance had not been read to the jury, was not introduced before the jury, and the court had no right as the record then stood to comment upon it or to submit that question to the jury. There was a special exception taken to this, and the court's attention was called to the fact before the jury had been sent out, but the court simply ignored the exception and demand of the defendant below and submitted the case to the jury.

Now we think this should be taken into consideration with the fact of the size of this verdict. We think that the court's repetition of the charge in this respect tended to excite the minds of the jury unduly as to the unlawful conduct of the defendant below in the violation of this ordinance which was pleaded and which was admitted to be in existence but was not read to the jury nor introduced in evidence so that there could have been a proper objection and exception taken to the ruling of the court in that respect.

In connection with the question as to the amount of the verdict, we admit that must largely be a question for the jury to determine from the evidence of the case, but it is admitted in this case by the learned counsel for the defendant in error that the jury at least were liberal.

Now juries have no right to be liberal. They must be just. They have no right to take money from one person and give it to another, and the majority of the court can only think that this was brought about by the erroneously charging upon this ordinance and the calling attention to the ordi-

nance the second time and having it given not once but twice to the jury. Had this record been free from any question of bias or elements which might bias a jury, the question of the amount as a rule might well be left to the jury.

The majority of the court however thinks, as already stated, that a verdict for Seven Thousand Dollars for the injury that apparently resulted to this woman from the accident for which alone the defendant company was liable if at all, was excessive to such an extent that it apparently shows passion and prejudice. The plaintiff was not thrown out of her car. The evidence does not show that she was thrown against anything that would unduly injure her, but the evidence does show that there are other things in her system which might well bring about some of the ailments which she claims in this lawsuit.

In the petition it was alleged as a ground of recovery that a goitre was caused, but during the trial of the action in the presence of the jury this charge was withdrawn; however, the record shows that there was in this women's system that which would cause goitre and the record further shows that she had paresis, and those things would undoubtedly bring about a situation which would not necessarily be caused by the injury for which she brought an action against the defendant, because if she would have had her present physical condition without the injury, she could not charge up and recover damages for injuries for which the accident was in no wise accountable, and we think from the size of the verdict that this had undoubtedly been taken into consideration by the jury.

For the reasons above stated the majority of the court thinks that the verdict and judgment thereon should be reversed and set aside and the cause remanded for a new trial.

WEYGANDT, J, concurs. LEVINE, J, dissents.